The document below is hereby signed.

Signed: April 29, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| REGINA D. DIXON, | ) | Case No. 13-00242 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING REQUEST
FOR TEMPORARY WAIVER OF THE PREPETITION CREDIT
COUNSELING REQUIREMENT BASED UPON EXIGENT CIRCUMSTANCES

The debtor has filed an application for temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) due to exigent circumstances.  In support of the request, the debtor's attorney explains that, due to a clerical oversight, the attorney failed to notice that the debtor's October 7, 2012 credit counseling certificate was no longer valid when the debtor filed her petition on April 22, 2013.  In an effort to cure the deficiency, the debtor completed the credit counseling course again on April 24, 2013.  For reasons explained in more detail below, the court will deny the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h).

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period ending on the date of filing of the individual's petition.  11 U.S.C. § 109(h)(1).  Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the debtor's certification is satisfactory to the court.

This limited extension is available only to debtors who attempt to obtain credit counseling shortly before the petition date, who face some obstacle in obtaining that counseling, and who, due to emergency circumstances, must file their petition before the requested counseling can be completed.  It is not, however, available to address situations of inadvertence or oversight.  The court thus finds that the debtor is not eligible for a temporary waiver under 11 U.S.C. § 109(h)(3), and it is

ORDERED that the debtor's application for a temporary waiver of the prepetition credit counseling requirement under 11 U.S.C. § 109(h)(3)(A) is DENIED.  An order of dismissal follows.

[Signed and dated above.]

Copies to: Debtor's attorney; Recipients of e-notification.